# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

EDWARD BENNETT,                                  )
                                              )
        Plaintiff,                      )
                                              )
vs.                                              )      Case No. 06-CV-420-GKF-PJC
                                              )
DAN FULLER, DANIEL EMBREY, TODD                  )
EVANS, TULSA POLICE DEPARTMENT,                  )
SEAN LARKIN, and CARL GOFORTH,                   )
                                              )
        Defendants.                     )

## OPINION AND ORDER

This matter comes before the Court on the Motion to Dismiss of defendants Todd Evans ("Evans"), Carl Goforth ("Goforth"), and Sean Larkin ("Larkin") [Docket #23].

The claims of plaintiff Edward Bennett ("Bennett") arise out of an incident alleged to have occurred during an arrest in the early morning hours of August 15, 2004. Bennett alleges he "was attacked and beaten by Tulsa Police which resulted in injuries that required surgery." Bennett, a pro se litigant, filed his Complaint on August 15, 2006. In his original Complaint, Bennett named only two defendants – Tulsa Police officers Dan Fuller ("Fuller") and Daniel Embrey ("Embrey").[1] Bennett mentioned officer Evans in the Complaint, however, and he mentioned officers Evans, Larkin and Goforth in an appended document concerning the alleged use of excessive force. [Docket #1 at 2, 3]. By order entered October 2, 2006 [Docket #8], the Honorable James H. Payne construed Bennett's letter filed on August 15, 2006 [Docket #4] as a Motion to Amend the Complaint, and granted Bennett until October 24, 2006 to submit the Amended Complaint. On October 24, 2006, the Court received and filed a document [Docket #11], which Judge Payne ordered be considered

---

[1] Fuller and Embrey answered the Complaint on October 9, 2006. They answered the Amended Complaint on November 13, 2006.

as Bennett's Amended Complaint.  [Docket #20].  The Amended Complaint contains an allegation that "at least five armed officers" were involved in the alleged beating.  [Docket #11 at 3].  Judge Payne directed the Clerk "to add the 4 new defendants to the case."  [Docket #20].  The four defendants added were the Tulsa Police Department, officer Evans, officer Larkin, and officer Goforth.  [Docket ##11, 20].

In their Motion to Dismiss, movants Evans, Goforth and Larkin argue that Bennett failed to set forth facts to show he complied with the notice provisions of Oklahoma's Governmental Tort Claims Act; that Bennett's assault and battery claims are time barred; that any other state claims are time barred; that Bennett's § 1983 claim is time barred; and that Bennett has failed to state a claim upon which relief may be granted.

Compliance with Notice Provisions of the Governmental Tort Claims Act

The Governmental Tort Claims Act ("GTCA"), 51 O.S. §§ 151–200,  makes a distinction between a government employee acting within the scope of employment and one who is not. *Pellegrino v. State of Oklahoma, ex rel. Cameron University,* 63 P.3d 535, 537 (Okla. 2003).  An act of a police officer is not in the scope of employment if the officer acted maliciously or in bad faith.  *Nail v. City of Henryetta,* 911 P.2d 914, 916-17 (Okla. 1996).   A government employee acting within the scope of employment is relieved from private liability for tortious conduct, but when an employee acts outside the scope of employment the political subdivision is relieved from liability.  *Martin v. Johnson*, 975 P.2d 889, 895 (Okla. 1998).

A suit against a governmental officer in his or her "official capacity" is the same as a suit against the entity that the officer represents, and is an attempt to impose liability upon that entity. *Pellegrino,* 63 P.3d at 537.   In such a suit, the claimant must have presented written notice of a

2

claim within one year of the date the loss occurs, or the claim is forever barred. *Id.* However, the notice requirements of the GTCA do not apply to a tort claim against a governmental employee when the claim is based upon acts which were outside the scope of employment. *Id.*

In this case, the allegations contained in pro se plaintiff Bennett's Complaint and Amended Complaint are imprecise at best. The allegations can be read to support a claim that the officers acted within the scope of employment, but they can also be read to support a claim that the officers acted outside the scope of employment. On the one hand, they can be read for the proposition that the movants were acting within the scope of their employment as police officers when they arrested Bennett and took him to jail. On the other hand, Bennett's allegations of excessive use of force – including but not limited to his allegation that officers held his arms behind him while another officer "kneed" his face repeatedly until he required surgery for "a right blowout orbital fracture" and a right nasal fracture – can be read as allegations of intentional and malicious attempts to do physical harm. If read in the latter sense, they constitute allegations of acts outside the scope of movants' employment. *See Nail v. City of Henryetta,* 911 P.2d 914, 918 (Okla. 1996).

As set forth above, when the claim against a governmental employee is based upon acts which were *outside* the scope of employment, the notice requirements of the GTCA do not apply. *Pellegrino,* 63 P.3d at 537. Under that scenario, movants' argument that Bennett has not complied with the notice provisions of GTCA is wholly inapplicable.

Alternatively, and as previously discussed, when the claim against a governmental employee is based upon acts which were *within* the scope of employment, the claim is "the same as a suit against the entity that the officer represents, and is an attempt to impose liability upon that entity." *Id.* In this case, co-defendants Fuller and Embrey have filed Answers to the Complaint and

3

Amended Complaint by and through Tulsa's prior City Attorney.  Fuller and Embrey have raised the defense that they were at all times acting within the scope of their employment.  They did not raise the defense that Bennett did not comply with the notice provisions of the GTCA and therefore may have waived the defense as a shield to the City's liability.  Furthermore, movants appear to be incorrect when they contend that the Complaint and Amended Complaint "fail to assert any facts to show he complied with the notice provisions of the GTCA."   Movants ignore two letters Bennett appended to his Complaint.  The first letter, dated September 15, 2004, appears to be a letter Bennett sent from jail requesting "the form(s) I need to file a formal complaint against officers that were responsible for injuries I sustained on August 14, 2004." [Docket #1, at 11].  The second letter appears to be a letter Bennett wrote three months later, this time from prison, stating that he "needed to file a formal complaint regarding an injury I received during an arrest on Aug. 15, 2004," but that he "never received any word from you or any of your departments about [the earlier letter]." [Dkt. #1, at 12].  Movants have not briefed the issue of whether the letters could liberally be construed as notice to the city under the GTCA.

In short, movants' contention that the Amended Complaint must be dismissed because Bennett failed to allege facts to show he complied with the notice provisions of GTCA must be rejected for at least the following reasons:  a) it is premature at the pleadings stage to determine whether movants acted within the scope of their employment; b) movants have not addressed whether Bennett's letters might liberally be construed as notice under the GTCA; and c) the parties have not briefed the potential waiver issue.

<u>Possible Assault and Battery Claims</u>

The allegations of a pro se complaint are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  If the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Neither the Complaint nor the Amended Complaint contain the terms "assault" or "battery." However, Bennett alleges he was "attacked and beaten," that excessive force was used, and that he was beaten by officers.  The Court therefore reads Bennett's pleadings to state claims for assault and battery.

Oklahoma law imposes a one (1) year statute of limitations on actions for assault and battery. OKLA. STAT. tit. 12, § 95(A)(4).  Bennett's assault and battery claims accrued when the alleged assault and battery occurred, on August 15, 2004.  Movants were not added as defendants to this action until October 24, 2006.  Even if the assault and battery claims "relate back" to the filing of the Complaint on August 15, 2006, the claims were filed well beyond the applicable limitations period.

For the reasons set forth above, the Motion to Dismiss must be granted with respect to any assault and battery claims.

<u>Other State Claims</u>

In his Complaint, Bennett alleges a cause of action for "unlawful entry."[2]  Oklahoma law imposes a two (2) year statute of limitations on actions for trespass upon real property and actions for injury to the rights of another.  OKLA. STAT. tit. 12, § 95(A)(3).  Bennett alleges that the incident occurred on August 14, 2004.

Movants have not addressed the doctrine of relation back of amendments pursuant to Fed. R. Civ. P. 15(c).  Nor have they addressed the subissue of relation back as it applies to tort claims against officers acting within the scope of their employment when the governmental entity for whom they were acting (the entity upon which the plaintiff is attempting to impose liability) has received such notice of the institution of the action (against other officers acting within the scope of their employment) that the entity will not be prejudiced in maintaining a defense on the merits.

Finally, movants have not addressed the issue of whether Bennett has standing to assert a cause of action for unlawful entry or trespass upon his grandparents' residence.

For the reasons set forth above, movants' motion to dismiss Bennett's cause of action for "other state claims" (unlawful entry/trespass upon real property) must be denied.

<u>The Section 1983 Claim</u>

The applicable statute of limitations for Section 1983 claims is two years.  *Abbitt v. Franklin*, 731 F.2d 661, 663 (10th Cir. 1984).   As discussed above, the movants have not addressed the doctrine of relation back pursuant to Fed. R. Civ. P. 15(c), particularly where the officers acted

---

[2] "Unlawful entry" is a term typically used in a criminal context.  *See, e.g.* OKLA. STAT. tit. 21, § 1289.25(B); *Dale v. State*, 38 P.3d 910, 912 (Okla. Crim. App. 2002); *Roberts v. State*, 29 P.3d 583, 586 n.15 (Okla. Crim. App. 2001).  The Court reads the pro se plaintiff's pleadings to allege a cause of action for trespass to real property.

within the scope of their employment, and where the plaintiff has brought a timely § 1983 claim against other officers involved in the incident.

Failure to State a Claim Upon Which Relief May Be Granted

Defendants Evans, Goforth and Larkin move for dismissal on the ground that Bennett has failed to state a claim upon which relief may be granted against them. Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

As set forth above, a letter appended to the original Complaint lists Evans, Goforth and Larkin as officers involved in the use of excessive force during the arrest of August 15, 2004. [Docket #1 at 3]. Bennett alleges in his Amended Complaint that "at least five armed officers" were involved [Docket #11 at 2], and that "at least four officer [sic] converged upon me, and began punching me with their fist [sic], as well as a baton and flashlight." [Docket #11 at 3]. In view of the applicable standard for review of pro se complaints on motions to dismiss for failure to state a claim, the motion must be denied.

WHEREFORE, the Motion to Dismiss of defendants Todd Evans, Carl Goforth, and Sean Larkin [Docket #23] is granted in part and denied in part as set forth in this Opinion and Order.

IT IS SO ORDERED this 16th day of August 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

7